UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Thomas Green, | ) | C/A No. 4:08-cv-3501-TLW-TER |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | Report and Recommendation |
| | ) | |
| Timothy McNair George, and | ) | |
| Bobby Lee Jones, | ) | |
| | ) | |
| Defendants. | ) | |

This is a civil action filed *pro se.* Plaintiff has filed an Application to Proceed *In Forma Pauperis* in this case. The case is presently before the undersigned magistrate judge for report and recommendation following pre-service review. *See* 28 U.S.C. § 1915(e)(2)(B); *In Re Prison Litigation Reform Act*, 105 F.3d 1131, 1134 (6th Cir. 1997)(pleadings by non-prisoners should also be screened).

Plaintiff seeks damages from two of the defendants in his other currently pending civil action in this Court. *Green v. George*, C/A No. 4:07-1678-TLW-TER. Plaintiff alleges that they put false, incomplete and/or inaccurate information in affidavits they filed in support of their motion for summary judgment in the pending case and also that they conspired with each other to do so. He asks this Court to award him compensatory damages in the amount of $ 2.5 million against each Defendant for their alleged violation of Plaintiff's due process and equal protection rights. (Entry 1, at 5).

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint filed by Plaintiff in this case. The review was conducted pursuant to 28 U.S.C. § 1915 (as amended), and other provisions in the Prison Litigation Reform Act. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319 (1989); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Nasim v. Warden, Maryland House of Correction*,

64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

This Court is required to construe *pro se* complaints liberally. Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, _ U.S. _, 127 S. Ct. 2197 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of New York*, 529 F.2d 70, 74 (2d Cir. 1975). The requirement of liberal construction, however, does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Department of Social Servs.*, 901 F.2d 387 (4th Cir. 1990).[1] Even under this less stringent standard, the Complaint filed in this case is subject to summary dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B).

Defendants, who filed affidavits in support of a motion for summary judgment in Plaintiff's other pending case and thereby became "witnesses" in that case, *see Giffin v. Summerlin*, 78 F.3d 1227, 1231 (7th Cir. 1996)(collecting cases holding that affidavits constitute testimony), cannot be sued under 42 U.S.C. § 1983[2] based on Plaintiff's displeasure with the contents of their affidavits. A rule of absolute witness

---

[1] The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999), or construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

[2] Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. *Jennings v. Davis*, 476 F.2d 1271 (8th Cir. 1973). The purpose of § 1983 is to deter
(continued...)

immunity has been adopted by the majority of Courts of Appeals. *See Brawer v. Horowitz*, 535 F.2d 830, 836-37 (3d Cir. 1976) (lay witness in federal court; *Bivens* action); *Burke v. Miller*, 580 F.2d 108 (4th Cir. 1978) (state medical examiner; § 1983 action); *Charles v. Wade*, 665 F.2d 661 (5th Cir. 1982)(police officer witness; § 1983 suit); *Myers v. Bull*, 599 F.2d 863, 866 (8th Cir. 1979) (police officer witness; § 1983 suit); *Blevins v. Ford*, 572 F.2d 1336 (9th Cir. 1978) (private witnesses and former assistant U.S. attorney; action under §1983 and the Fifth Amendment).

Additionally, since the United States Supreme Court's decision in *Briscoe v. LaHue*, 460 U.S. 325 (1983), most circuits have rejected § 1983 claims alleging that the defendants who were testifying witnesses were not entitled to absolute immunity because they were engaged in a conspiracy with each other or with the prosecutor to offer perjurious testimony in a criminal case against the plaintiff. *See Franklin v. Terr*, 201 F.3d 1098, 1101-02 (9th Cir. 2000) (involving allegation of conspiracy between two testifying witnesses); *Hunt v. Bennett*, 17 F.3d 1263, 1267-68 (10th Cir. 1994) (holding prosecutor and police officer witness absolutely immune from claim of conspiracy to present false testimony); *Snelling v. Westhoff*, 972 F.2d 199, 200 (8th Cir. 1992) (rejecting conspiracy claim and pointing out that plaintiff's conspiracy allegations were "conclusory"); *McArdle v. Tronetti*, 961 F.2d 1083, 1085-86 (3d Cir. 1992) (involving testifying witnesses); *House v. Belford*, 956 F.2d 711, 720-21 (7th Cir. 1992) (rejecting claim of conspiracy between prosecutor and testifying witness on ground of absolute immunity); *Miller v. Glanz*, 948 F.2d 1562, 1570-71 (10th Cir. 1991) (rejecting claim for conspiracy among testifying witnesses); *Alioto v. City of Shively*, 835 F.2d 1173, 1174 & n. 1 (6th Cir. 1987) (same).

In addition, this Court has great reservations about any civil action that would attempt to recover

---

[2](...continued)
state actors from using badge of their authority to deprive individuals of their *federally guaranteed* rights and to provide relief to victims if such deterrence fails. *McKnight v. Rees*, 88 F.3d 417(6th Cir. 1996)(emphasis added). Plaintiff's claims of due process, equal protection, and other constitutional rights violations are within this Court federal question jurisdiction pursuant to § 1983.

damages from a witness on the basis of harm alleged to arise from the witness's testimony. The English common law has long established the immunity of parties and witnesses from subsequent damages liability for their testimony in judicial proceedings. *Dawkins v. Lord Rokeby*, 176 Eng. Rep. 800, 812 (C.P. 1866); *Henderson v. Broomhead*, 157 Eng. Rep. 964, 968 (Ex. 1859); *The King v. Skinner*, Lofft 55, 56, 98 Eng. Rep. 529, 530 (K.B. 1772) (Lord Mansfield, C.J.) ("[N]either party, witness, counsel, jury, or Judge, can be put to answer, civilly or criminally, for words spoken in office."). American courts have followed this tradition, and it is settled that 42 U.S.C. § 1983 did not carve out an exception to this immunity for either "lay" or "official" witnesses. *Briscoe*, 460 U.S. at 329-46 . Since Plaintiff's Complaint seeks damages from witnesses in a civil action based on the contents of their testimony in that case, it is barred under the doctrine of absolute witness immunity and should be summarily dismissed without the issuance of process for Defendants.

## RECOMMENDATION

Accordingly, it is recommended that the District Court dismiss the Complaint in this case *without prejudice* and without issuance and service of process. *See United Mine Workers v. Gibbs,* 383 U.S. 715 (1966); *see also Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972).

Plaintiff's attention is directed to the important notice on the next page.

 s/Thomas E. Rogers, III  
Thomas E. Rogers, III  
United States Magistrate Judge

October 30, 2008  
Florence, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *U. S. v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).